```
                    IN THE UNITED STATES DISTRICT COURT

                         FOR THE DISTRICT OF OREGON
```

WILLIE BANKS, SR.,                                         CV. 09-1230-HU

             Plaintiff,                        ORDER TO PROCEED IN FORMA
     v.                                          PAUPERIS AND TO DISMISS

STATE OF OREGON, et al.,

             Defendants.

HAGGERTY, Judge

### IN FORMA PAUPERIS/FILING FEE

Plaintiff brings this civil action *pro se*. Plaintiff moves to proceed *in forma pauperis* (#1). An examination of the application reveals that plaintiff is unable to afford the fees of this action. Accordingly, IT IS ORDERED that the provisional *in forma pauperis* status given the plaintiff is confirmed. However, the Clerk of the Court shall not issue process.

### ORDER TO DISMISS

**I. STANDARDS.**

This court must dismiss an *in forma pauperis* action if the court determines that the action (i) is frivolous or malicious;

1 -- ORDER TO PROCEED IN FORMA PAUPERIS AND TO DISMISS

(ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000).

Dismissal for failure to state a claim is proper if it appears beyond doubt that plaintiff can prove no set of facts in support of his claims that would entitle him to relief.  Ortez v. Washington County, 88 F.3d 804, 806 (9th Cir. 1996); Cervantes v. City of San Diego, 5 F.3d 1273, 1274 (9th Cir. 1993).  Because plaintiff is proceeding *pro se*, I construe the pleadings liberally and afford the plaintiff the benefit of any doubt.  Erickson v. Pardus, 551 U.S. 89, 94 (2007); Ortez, 88 F.3d at 806.

## II.  DISCUSSION.

Plaintiff brings this action against the State of Oregon, the Multnomah County Sheriff's Office, Coffee Creek Correctional Facility, Snake River Correctional Facility, Multnomah County, and the Portland Police Department.  The entire text of the "Amended" Complaint, excluding his prayer for relief, provides as follows:

> For the Foregoing Reasons, the Judgment of the Multnomah County Circuit Court dismissing Plaintiff's Petition for Writ of habeas should be reversed and Plaintiff should be immediately compensated for unlawfully imprisonment at $5,000.00 PER day for 944 days: and case should be remanded to the court below with orders to consider Plaintiff's claims on the merits.

Plaintiff's complaint is subject to dismissal for several reasons.  First, to the extent that plaintiff is seeking money

2 -- ORDER TO PROCEED IN FORMA PAUPERIS AND TO DISMISS

damages for his alleged unlawful confinement, plaintiff's cause of action does not accrue until his conviction or sentence has been reversed, expunged, declared invalid or called into question by a federal court's issuance of a writ of habeas corpus.  Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).  Plaintiff makes no such allegation.

Moreover, even if plaintiff's sentence has been reversed or overturned, the State of Oregon, and its agencies are immune from liability for damages.  Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 144 (1993); Edelman v. Jordan, 415 U.S. 651, 673-74 (1974); see also Will v. Michigan Dep't. of State Police, 491 U.S. 58, 63-64, 71 (1989) (state is not a person within the meaning of § 1983).  Further, plaintiff makes no allegations to support the imposition of liability on Multnomah County or the Portland Police Department.  To extent that plaintiff simply seeks reversal of a state court *civil* judgment, this court lacks jurisdiction.  Allah v. Superior Court, 871 F.2d 887, 890 (9th Cir. 1989); Worldwide Church of God v. McNair, 805 F.2d 888, 890 (9th Cir. 1986).[1]

Finally, the court notes that plaintiff has been advised previously that in order to seek federal habeas corpus relief, he

---

[1] Plaintiff's repeatedly has sought relief that this court cannot order, resulting in a pre-filing order.  See Banks v. SSP Properties LLC, 07-422-HA.

3 -- ORDER TO PROCEED IN FORMA PAUPERIS AND TO DISMISS

must be in custody pursuant to the challenged conviction, and he must first exhaust his available state remedies. See <u>Banks v. Mult. Cty. Sheriff's Office</u>, 08-510-AA; 28 U.S.C. § 2254.

## CONCLUSION

Plaintiff's provisional *in forma pauperis* status is CONFIRMED. However, for all of the reasons set forth above, plaintiff's "amended" complaint (#4) is DISMISSED for failure to state a claim. Plaintiff may file a second amended complaint, curing the deficiencies noted above, within 30 days of the date of this order. Plaintiff is advised that failure to file a second amended complaint shall result in the dismissal of this proceeding, with prejudice.

IT IS FURTHER ORDERED that plaintiff's motion for a temporary restraining order (#2) is DENIED.

IT IS SO ORDERED.

DATED this 30th day of October, 2009.

/s/ Ancer L. Haggerty
Ancer L. Haggerty
United States District Judge